In the Matter of the Probate of the Last Will and Testament of MATTHEW GREER, Deceased. JENNIE ZWEIFEL, the Executrix Named in the Last Will and Testament of MATTHEW GREER, Deceased, Bearing Date of June 10, 1935, Appellant; HENRIETTA LEACH, the Executrix Named in the Last Will and Testament of MATTHEW GREER, Deceased, Bearing Date of March 12, 1936, Respondent.— Decree of Surrogate's Court of Nassau county admitting to probate a paper writing dated March 12, 1936, as the last will and testament of Matthew Greer, deceased, affirmed, without costs. No opinion. Hagarty, Davis and Adel, JJ., concur; Johnston, J., with whom Close, J., concurs, dissents and votes for reversal and a new trial, with the following memorandum: At the commencement of the trial the proponent stated the instrument was a holographic will and the contestant denied that the testator wrote it. The surrogate limited the issue as to whether the testator " did write out his will and execute it properly according to law." Nevertheless, the surrogate would not permit the contestant to show by a handwriting expert that the instrument was not written by the testator and give the reasons for his opinion. Nor would the surrogate permit the contestant's expert, who had testified that in his opinion the instrument was not signed by the testator, to consider the handwriting of the body of the instrument as the basis for his opinion. When the expert was so restricted, he qualified his opinion as to the genuineness of the signature and stated he was not positive. Both rulings were erroneous, particularly in view of the proponent's contention that the instrument was a holographic will. In so ruling the surrogate stated there was no proof that the testator wrote the body of the instrument. The learned surrogate was mistaken, as Mr. Britton, one of the witnesses to the will, testified that the testator said: " I just wrote this will and I want you to sign it." The fact that the surrogate subsequently stated, " If Mr. Osborn wants to base an opinion on whether he [testator] wrote the will or not, I don't care," and that Mr. Osborn then testified the will was an imitation of testator's handwriting, did not cure the error, particu-

larly when the surrogate, in his charge, limited the issue to the genuineness of the signature and said nothing about the body of the instrument being in the handwriting of someone other than the testator.